IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC , ) | |
| ) | |
| Plaintiff, ) | |
| v ) | C A NO 04-1263-JJF |
| ) | |
| BEAUTY UNDERNEATH, ELLEN ) | |
| LANGE SKIN SCIENCE, INC., JAN ) | |
| MARINI SKIN RESEARCH INC , ) | |
| INTERNATIONAL SHIELD INC , ) | |
| COSMESEARCH, INC ) | |
| SKINCEUTICALS, INC , ) | |
| DERMATOLOGIC COSMETIC ) | |
| LABORATORIES LTD AND PERRI ) | |
| SKIN CARE, ) | |

Defendants

## DEFENDANT DERMATOLOGIC COSMETIC LABORATORIES LTD.'S RULE 26(A)(1) INITIAL DISCLOSURES

Defendant, Dermatologic Cosmetic Laboratories LTD. ("Dermatologic"), makes the following disclosures under Fed. R. Civ. P. 26(a)(1) These disclosures are based on currently known information Dermatologic reserves the right to supplement these initial disclosures upon the discovery of new information and evidence or in light of any new issues, claims or defenses that may arise. It does not include information present in disclosures served by Plaintiff or other Defendants in this action.

 A. **Individuals:**

  1. **Rule 26(a)(1)(A) Initial Disclosures**

The following individuals are likely to have discoverable information that Dermatologic may use to support its claims or defenses, unless solely for impeachment:

| | |
|---|---|
| Truitt Bell | Joel Rubin |
| President and CEO | Senior Vice President of Research and |
| Dermatologic Cosmetic Laboratories | Development |

20 Commerce Street                              Dermatologic Cosmetic Laboratories
East haven, CT 06512                            20 Commerce Street
                                                East Haven, CT 06512

### 2. Rule 26(a)(1)(B) Initial Disclosures

Dermatologic, based upon its present understanding of the issues of this litigation, identifies the following documents by category that Dermatologic may use to support its claims or defenses, unless solely for impeachment:

U.S. Patent Nos. 5,091,171; 5,385,938, 5,389,677; 5,547,988, 5,665,776,

Documents regarding Tristrata's sale of products incorporating the patents at issue not marked pursuant to 35 U.S.C. § 287,

Documents related to the historical and ongoing use of ingredients in Dermatologic products;

The design, manufacturing, sales and marketing documents regarding Dermatologic products.

The documents within the listed document categories will be made available for inspection or copying after a mutually agreed-upon Protective Order is entered in this case. Such documents are located at Dermatologic's offices or the offices of its attorneys. Dermatologic also believes documents in the possession, custody, or control of Tristrata, its attorneys and/or third parties may be relevant to the facts at issue in this case.

Currently, counsel for Dermatologic is determining what, if any, other documents in the possession of Dermatologic may be relevant to issues in this litigation. Dermatologic, therefore, reserves the right to supplement this initial disclosure and subsequent discovery responses if additional relevant documents are found in its possession.

### 3. Rule 26(a)(1)(C)

Dermatologic denies that Tristrata has suffered any damages or is entitled to any relief in this action. Dermatologic is not yet seeking damages in this case, but reserves the right to seek its fees and costs incurred in defense of this case.

### 4. Rule 26(a)(1)(D) Initial Disclosures

Dermatologic does not yet have information regarding potential insurance coverage. It will supplement this response when this information becomes available.

Dermatologic, in making the above disclosures, does not represent that it has identified every witness, document, or tangible thing possibly relevant to this litigation. Further, Dermatologic does not waive its right to object to production of any document or tangible thing described in these disclosures on the basis of privilege, the work-product doctrine, relevancy, undue burden or any other valid objection. Defendant Dermatologic reserves the right to supplement or correct these disclosures upon continuing investigation and discovery.

 

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)
Matthew W. King (#4566)
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendant
Dermatologic Cosmetic Laboratories Ltd

*Of Counsel:*
Stuart A. Margolis, Esquire
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

Dated: March __, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2005, I electronically filed and hand delivered the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

**VIA HAND DELIVERY**

Philip A. Rovner, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

Delia Ann Clark, Esquire
Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801

Arthur G. Connolly, III, Esquire
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street, P.O. Box 2207
Wilmington, DE 19899

Matthew W. King (#4566)
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
king@rlf.com

RLF1-2814068-1