IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRISTRATA TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. NO. 04-1263-JJF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BEAUTY UNDERNEATH, ELLEN | ) | |
| LANGE SKIN SCIENCE, INC., JAN | ) | |
| MARINI SKIN RESEARCH INC., | ) | |
| INTERNATIONAL SHIELD INC., | ) | |
| COSMESEARCH, INC., | ) | |
| SKINCEUTICALS, INC., | ) | |
| DERMATOLOGIC COSMETIC | ) | |
| LABORATORIES LTD., AND PERRI | ) | |
| SKIN CARE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JAN MARINI SKIN RESEARCH, INC.'S
ANSWER AND COUNTERCLAIM**

Defendant Jan Marini Skin Research, Inc. ("JMSR"), through its attorneys,

answers the Complaint filed by Plaintiff Tristrata Technology, Inc. ("Tristrata"), as follows.

**SUMMARY OF COMPLAINT**

1.      JMSR admits that the Complaint appears to be for patent infringement. JMSR

denies other allegations directed to JMSR in Paragraph 1. JMSR is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 1 and on that basis denies them.

2.      JMSR is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 and on that basis denies them.

3.      JMSR is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3 and on that basis denies them.

4.    JMSR denies the allegations directed to JMSR in Paragraph 4.  JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and on that basis denies them.

## JURISDICTION AND VENUE

5.    Denied.  Paragraph 5 states a legal conclusion for which a response is not required.

6.    Denied.  Paragraph 6 states a legal conclusion for which a response is not required.  Venue is improper in Delaware as to JMSR.  JMSR does not have a regular and established place of business in this judicial district.  Alternatively, venue is inconvenient in Delaware, and JMSR reserves the right to file any and all applicable motions to transfer venue under law, including but not limited to 28 U.S.C. § 1404(a).

## THE PARTIES

### The Plaintiff

7.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies them.

### The Defendants

8.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies them.

9.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies them.

10.    JMSR admits that it is a California corporation with its principal place of business in California.  JMSR denies the remaining allegations of Paragraph 10.

2

11.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies them.

12.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies them.

13.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies them.

14.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies them.

15.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies them.

## THE PATENTS

16.    Denied.  Paragraph 16 states legal conclusions for which a response is not required.  To the extent a response may be required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies them.

17.    Denied.  Paragraph 17 states legal conclusions for which a response is not required.  To the extent a response may be required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies them.

18.    Denied.  Paragraph 18 states legal conclusions for which a response is not required.  To the extent a response may be required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis denies them.

19.    Denied.  Paragraph 19 states legal conclusions for which a response is not required.  To the extent a response may be required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis denies them.

20.    Denied.  Paragraph 20 states legal conclusions for which a response is not required.  To the extent a response may be required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis denies them.

21.    Denied.  Paragraph 21 states legal conclusions for which a response is not required.  To the extent a response may be required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis denies them.

22.    Denied.  Paragraph 22 states legal conclusions for which a response is not required.  To the extent a response may be required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis denies them.

23.    JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis denies them.

## FIRST CLAIM FOR RELIEF

24.    JMSR repeats and incorporates by this reference its previous responses to Paragraphs 1 through 23 as if set forth fully herein.

25.    JMSR denies the allegations directed to JMSR in Paragraph 25.  JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining

4

allegations of Paragraph 25 and on that basis denies them.

26.    JMSR denies the allegations directed to JMSR in Paragraph 26. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and on that basis denies them.

27.    JMSR denies the allegations directed to JMSR in Paragraph 27. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and on that basis denies them.

28.    JMSR denies the allegations directed to JMSR in Paragraph 28. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and on that basis denies them.

## SECOND CLAIM FOR RELIEF

29.    JMSR repeats and incorporates by this reference its previous responses to Paragraphs 1 through 28 as if set forth fully herein.

30.    JMSR denies the allegations directed to JMSR in Paragraph 30. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and on that basis denies them.

31.    JMSR denies the allegations directed to JMSR in Paragraph 31. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 and on that basis denies them.

32.    JMSR denies the allegations directed to JMSR in Paragraph 32. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and on that basis denies them.

33.    JMSR denies the allegations directed to JMSR in Paragraph 33. JMSR is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and on that basis denies them.

## THIRD CLAIM FOR RELIEF

34.     JMSR repeats and incorporates by this reference its previous responses to Paragraphs 1 through 33 as if set forth fully herein.

35.     JMSR denies the allegations directed to JMSR in Paragraph 35.  JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and on that basis denies them.

36.     JMSR denies the allegations directed to JMSR in Paragraph 36.  JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and on that basis denies them.

37.     JMSR denies the allegations directed to JMSR in Paragraph 37.  JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and on that basis denies them.

38.     JMSR denies the allegations directed to JMSR in Paragraph 38.  JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 and on that basis denies them.

## FOURTH CLAIM FOR RELIEF

39.     The Fourth Claim For Relief is not directed to JMSR, therefore no response is required.  To the extent any response is required, JMSR repeats its previous responses to Paragraphs 1 through 38 as if set forth fully herein.

40.     The allegations of this paragraph are not directed to JMSR.  Therefore no response is required.  To the extent any response is required, JMSR is without knowledge or

6

information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis denies them.

41.    The allegations of this paragraph are not directed to JMSR. Therefore no response is required. To the extent any response is required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis denies them.

42.    The allegations of this paragraph are not directed to JMSR. Therefore no response is required. To the extent any response is required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies them.

43.    The allegations of this paragraph are not directed to JMSR. Therefore no response is required. To the extent any response is required, JMSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis denies them.

## FIFTH CLAIM FOR RELIEF

44.    JMSR repeats and incorporates by this reference its previous responses to Paragraphs 1 through 44 as if set forth fully herein.

45.    JMSR denies the allegations directed to JMSR in Paragraph 45. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and on that basis denies them.

46.    JMSR denies the allegations directed to JMSR in Paragraph 46. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 and on that basis denies them.

7

47.    JMSR denies the allegations directed to JMSR in Paragraph 47. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and on that basis denies them.

48.    JMSR denies the allegations directed to JMSR in Paragraph 48. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 and on that basis denies them.

## SIXTH CLAIM FOR RELIEF

49.    JMSR repeats and incorporates by this reference its previous responses to Paragraphs 1 through 48 as if set forth fully herein.

50.    JMSR denies the allegations directed to JMSR in Paragraph 50. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and on that basis denies them.

51.    JMSR denies the allegations directed to JMSR in Paragraph 51. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and on that basis denies them.

52.    JMSR denies the allegations directed to JMSR in Paragraph 52. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and on that basis denies them.

53.    JMSR denies the allegations directed to JMSR in Paragraph 53. JMSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

54.    The Complaint and/or each of its causes of action fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

55.    This Court lacks personal jurisdiction over JMSR.

### THIRD AFFIRMATIVE DEFENSE

56.    All or some of Tristrata's claims are barred by the applicable statutes of limitations, including but not limited to 35 U.S.C. § 286.

### FOURTH AFFIRMATIVE DEFENSE

57.    All or some of Tristrata's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

58.    All or some of Tristrata's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

59.    All or some of Tristrata's claims are barred by Tristrata's failure to mark pursuant to 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE

60.    JMSR has not infringed, induced infringement of, or contributorily infringed any claim of any of the patents that Tristrata identified in Paragraphs 16 through 21 of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

61.    United States Letters Patent Nos. 5,091,171; 5,385,938; 5,389,677; 5,547,998; 5,667,776 and each and every claim is invalid and void because the alleged invention

9

claimed is, in fact, not an invention but merely an aggregation or an existing combination.
The several elements and features of the apparatus used in the claimed method were
individually known to persons skilled in the art of dermatology, plastic surgery, and/or skin
care, and analogous arts, and the accumulation and use of such elements and features did not
produce a new or different function or characteristics or new method compared to the
methods previously performed or produced by the use of such elements and apparatus.
Further, the effect produced by the combination was not greater than the sum of the several
effects of the combined parts taken separately.  Further, these patents cover items in public
use.

### NINTH AFFIRMATIVE DEFENSE

62.     Tristrata is estopped to assert or maintain a construction of Letters Patent Nos.
5,091,171; 5,385,938; 5,389,677; 5,547,998; 5,667,776 or its claim that would cover or read
upon any method used by JMSR for the reasons that, during the prosecution of the
application for the Letters Patent in the United States Patent and Trademark Office, the
patentee, or patentee's duly authorized representative, acting on requirements of the Director
of Patents and Trademarks and by reason of the prior art cited against the application, so
limited the claims of the Letters patent as to exclude from the purview of such claims any
acts of JMSR.

### TENTH AFFIRMATIVE DEFENSE

63.     By reason of the proceedings before the United States Patent and Trademark
Office during the prosecution of the applications which matured into U.S. Patent No.
5,665,776, and during the reexamination proceedings which led to the reexamination of U.S.
Patent No. 5,091,171, 5,091,171, 5,385,938, 5,389,677, 5,422,370 and 5,547,988, the claims

of the aforesaid patents are limited and restricted by their terms and the prior art, to the extent

that Tristrata is now estopped from maintaining the aforesaid patents are of such scope as to

cover or embrace any method, composition or activity of JMSR.

### ELEVENTH AFFIRMATIVE DEFENSE

64.    The patents identified in Paragraphs 16 through 21 of the Complaint are

invalid and unenforceable for failure to comply with the requirements of the Patent Laws of

the United States including, but not limited to, 35 U.S.C.§§ 101, 102, 103, 112, 113, 120

and/or 121.

### TWELFTH AFFIRMATIVE DEFENSE

65.    Service of process was insufficient or improper.

### THIRTEENTH AFFIRMATIVE DEFENSE

66.    Venue is improper in Delaware as to JMSR.  JMSR does not have a regular

and established place of business in this judicial district.  Alternatively, venue is inconvenient

in Delaware, and JMSR reserves the right to file any and all applicable motions to transfer

venue under law, including but not limited to 28 U.S.C. § 1404(a).

### COUNTERCLAIM

67.    This Counterclaim brought by JMSR arises under the Declaratory Judgment

Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et

seq.*

68.    This Court has jurisdiction over the subject matter of this Counterclaim

pursuant to 28 U.S.C. §§ 1331 and 1338.

69.    Without waiving its position that venue is inconvenient, and reserving its right

to file any and all applicable motions to transfer venue under law, including but not limited to

28 U.S.C. § 1404(a), JMSR asserts that venue for this Counterclaim is proper in this Court by virtue of Tristrata's commencement of this action in this Court.

70.    This Counterclaim is brought for a Declaratory Judgment that:

(i)    JMSR has not infringed, induced infringement of or contributorily infringed any claim of U.S. Patent Nos. 5,091,171, 5,091,171, 5,385,938, 5,389,677, 5,422,370, 5,547,98 and 5,665,776.

(ii)    U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, B1 5,547,98 and 5,665,776 are invalid and unenforceable for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 101, 102, 103, 112, 113, 120 and/or 121.

(iii)    By reason of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications which matured into U.S. Patent No. 5,665,776 and during the reexamination proceedings which led to the reexamination of U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370 and B1 5,547,98, the claims of the aforesaid patents are limited and restricted by their terms and the prior art, to the extent that Tristrata is now estopped from maintaining the aforesaid patents are of such scope as to cover or embrace any method, composition or activity of JMSR.

68.    Tristrata alleges to be the owner of U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, B1 5,547,98 and 5,665,776, and has filed the Complaint herein alleging that JMSR has induced infringement of and continues to induce infringement of these patents. Accordingly, there exists a substantial and continuing justiciable controversy between Tristrata and JMSR as to the validity and infringement of

these patents.

WHEREFORE, JMSR prays that this Court enter judgment:

A.    Dismissing Tristrata's Complaint with prejudice;

B.    Declaring that U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, B1 5,547,98 and 5,665,776 are invalid and unenforceable, and have not been and are not now infringed by JMSR;

C.    Declaring that the claims of U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, B1 5,547,98 and 5,665,776 are so limited and restricted in scope so as not to cover or embrace any method, composition, or activity of JMSR;

D.    Enjoining and restraining Tristrata, its officers, agents and employees, and any others acting in concert with them, from asserting or threatening to assert any alleged right arising from U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, B1 5,547,98 and 5,665,776 against JMSR, its agents, customers, suppliers, vendees, or others acting on JMSR's behalf;

E.    Awarding JMSR its costs in this suit together with reasonable attorneys' fees under law, including but not limited to 35 U.S.C. § 285; and

F.    Granting JMSR such other relief as this Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan H. Melnicoe
Jil D. Dalesandro
Hoge, Fenton, Jones & Appel, Inc.
60 South Market Street, Ste 1400
San Jose, CA 95113-2396
(408) 287-9501

Dated:  April 8, 2005

677289

By: _____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    E-mail: provner@potteranderson.com

Attorneys for Defendant
JAN MARINI SKIN RESEARCH, INC.

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

### CERTIFICATE OF SERVICE

I do hereby certify that, on April 8, 2005, Defendant Jan Marini Skin Research, Inc.'s

Answer and Counterclaim was electronically filed with the Clerk of Court using CM/ECF which

will send notification of such filing to the following; that the document was served on the

following counsel by hand; and that the document is available for viewing and downloading

from CM/ECF.

**BY E-FILE AND HAND DELIVERY**

Arthur G. Connolly, III, Esq.
Francis DiGiovonni, Esq.
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

**BY E-FILE AND HAND DELIVERY**

Delia Ann Clark, Esq
Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE  19801

Philip A. Rovner, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail: provner@potteranderson.com