IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEAUTY UNDERNEATH, ELLEN LANGE ) <br> SKIN SCIENCE, INC., JAN MARINI SKIN ) <br> RESEARCH, INC., INTERNATIONAL ) <br> SHIELD INC., COSMESEARCH, INC., ) <br> SKINCEUTICALS, INC., DERMATOLOGIC ) <br> COSMETIC LABORATORIES LTD., AND ) <br> PERRY SKIN CARE. ) <br> ) <br> Defendants. | Civil Action No.: 04-1263 |

**TRISTRATA TECHNOLOGY'S REPLY TO THE AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS OF JAN MARINI SKIN RESEARCH INC.**

Plaintiff Tristrata Technology, Inc. ("TTI"), by its attorneys, replies to the Affirmative Defenses and Counterclaims of Defendant, Jan Marini Skin Research Inc. ("JMSR"), as follows:

**TTI'S RESPONSES TO AFFIRMATIVE DEFENSES OF
DEFENDANT JAN MARINI SKIN RESEARCH INC.**

PARAGRAPH 54:

The Complaint and/or each of its causes of action fail to state a claim upon which relief may be granted.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 54.

PARAGRAPH 55:

This court lacks personal jurisdiction over JMSR.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 55.

PARAGRAPH 56:

All or some of Tristrata's claims are barred by the applicable statutes of limitations, including but not limited to 35 U.S.C. § 286.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 56.

PARAGRAPH 57:

All or some of Tristrata's claims are barred by the doctrine of laches.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 57.

PARAGRAPH 58:

All or some of Tristrata's claims are barred by the doctrine of estoppel.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 58.

PARAGRAPH 59:

All or some of Tristrata's claims are barred by Tristrata's failure to mark pursuant to 35 U.S.C. § 287.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 59.

PARAGRAPH 60:

JMSR has not infringed, induced infringement of, or contributorily infringed any claim of any of the patents that Tristrata identified in Paragraphs 16 through 21 of the Complaint.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 60.

PARAGRAPH 61:

United States Letters Patent Nos. 5,091,171; 5,385,938; 5,389,677; 5,547,998; 5,667,776 and each and every claim is invalid and void because the invention claimed is, in fact, not an invention but merely an aggregation or an existing combination. The several elements and features of the apparatus used in the claimed method were individually known to persons skilled in the art of dermatology, plastic surgery, and/or skin care, and analogous arts, and the accumulation and use of such elements and features did not produce a new or different function or characteristics or new method compared to the methods previously performed or produced by the use of such elements and apparatus. Further, the effect produced by the combination was not greater than the sum of the several effects of the combined parts taken separately. Further, these patents cover items in the public use.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 61.

PARAGRAPH 62:

Tristrata is estopped to assert or maintain a construction of Letter Patent Nos. 5,091,171; 5,385,938; 5,389,677; 5,547,998; 5,667,776 or its claim that would cover or read upon any method used by JMSR for the reasons that, during the prosecution of the application for the Letters Patent in the United States Patent and Trademark Office, the patentee, or patentee's duly authorized representative, acting on requirements of the Director of Patents and Trademarks and by reason of the prior art cited against the application, so limited the claims of the Letters patent as to exclude from the purview of such claims any acts of JMSR.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 62.

PARAGRAPH 63:

By reason of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications which matured into U.S. Patent No. 5,665,776, and during the reexamination proceedings which led to the reexamination of U.S. Patent NO. 5,091,171, 5,091,171, 5,385,938, 5,389,677, 5,422,370 and 5,547,988, the claims of the aforesaid patents are limited and restricted by their terms and the prior art, to the extent that Tristrata is now estopped from maintaining the aforesaid patents are of such scope as to cover or embrace any method, composition or activity of JMSR.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 63.

PARAGRAPH 64:

The patents identified in Paragraphs 16 through 21 of the Complaint are invalid and unenforceable for failure to comply with the requirements of the Patent Laws of the United States including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 113, 120 and/or 121.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 64.

PARAGRAPH 65:

Service of process was insufficient or improper.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 65.

PARAGRAPH 66:

Venue is improper in Delaware as to JMSR. JMSR does not have a regular and established place of business in this judicial district. Alternatively, venue is inconvenient in Delaware, and JMSR reserves the right to file any and all applicable motions to transfer venue under law, including but not limited to 28 U.S.C. § 1404(a).

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 66.

## COUNTERCLAIM

PARAGRAPH 67:

This counterclaim brought by JMSR arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

RESPONSE:

TTI admits the allegations of paragraph 67.

PARAGRAPH 68:

This Court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

RESPONSE:

TTI admits the allegations of paragraph 68.

PARAGRAPH 69:

Without waiving its position that venue is inconvenient, and reserving the right to file any and all applicable motions to transfer venue under law, including but not limited to 28 U.S.C. § 1404(a), JMSR asserts that venue for this Counterclaim is proper in this Court by virtue of Tristrata's commencement of this action in this Court.

RESPONSE:

5

TTI admits that venue is proper in this Court, and denies the remaining allegations of paragraph 69.

PARAGRAPH 70:

This Counterclaim is brought for a Declaratory Judgment that:

(i) JMSR has not infringed, induced infringement of or contributorily infringed any claim of U.S. Patent Nos. 5,091,171, 5,091,171, 5,385,938, 5,389,677, 5,422,370, 5,547,98 and 5,665,776.

(ii) U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, B1 5,547,98 and 5,665,776 are invalid and unenforceable for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 101, 102, 103, 112, 113, 120 and/or 121.

(iii) By reason of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications which matured into U.S. Patent No. 5,665,776 and during the reexamination proceedings which led to the reexamination of U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, and B1 5,547,98, the claims of the aforesaid patents are limited and restricted by their terms and the prior art, to the extent that Tristrata is now estopped from maintaining the aforesaid patents are of such scope as to cover or embrace any method, composition or activity of JMSR.

RESPONSE:

TTI denies the allegations of paragraph 70, including subparts (i), (ii), and (iii), in their entirety.

PARAGRAPH 71 (listed as paragraph 68 in JMSR's answer):

Tristrata alleges to be the owner of U.S. Patent Nos. B1 5,091,171, B2 5,091,171, B1 5,385,938, B1 5,389,677, B1 5,422,370, B1 5,547,98 and 5,665,776, and has filed the Complaint herein alleging that JMSR has induced infringement of and continues to induce infringement of these patents. Accordingly, there exists a substantial and continuing justiciable controversy between Tristrata and JMSR as to the validity and infringement of these patents.

RESPONSE:

TTI admits the allegations of paragraph 71 (listed as paragraph 68 in JMSR's answer).

WHEREFORE, TTI requests that this Court dismiss with prejudice the Counterclaims of Jan Marini Skin Research Inc. and award to TTI the relief requested in its complaint.

Respectfully submitted,

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)
CONNOLLY, BOVE, LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Michael O. Warnecke
David R. Melton
Douglas L. Sawyer
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603
(312) 701-8602

Kevin M. McGovern
Brian T. Foley
McGovern & Associates
545 Madison Avenue, 15th Floor
New York, NY 10022
(212) 688-9840

DATED: April 28, 2005

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on April 28, 2005, I caused true and correct copies of the foregoing to be served upon the following persons or entities in the manner indicated:

**By Hand Delivery:**

Delia Ann Clark
Rawle & Henderson LLP
300 Delaware Ave, Suite 1015
Wilmington, DE 19801
Attorney for Ellen Lange Skin Science

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Attorney for DCL

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
Attorney for Jan Marini & International Shield

**By U.S. Mail**

Thomas P. Wagner
Rawle & Henderson LLP
One South Penn Square
Philadelphia, PA 19107
Attorney for Ellen Lange Skin Science

Stuart A. Margolis P.C.
Berdon, Young & Margolis
132 Temple Street
New Haven, CT 06510
Attorney for DCL

Alan H. Melnicoe
Hoge, Fenton, Jones & Appel Inc.
60 S. Market Street, Suite 1400
San Jose, CA 95113-2396
Attorney for Jan Marini

Darren Schweibert
Fredrikson & Byron
200 S. Sixth Street
Minneapolis, MN 55402
Attorney for International Shield

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)