## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC.      ) <br> ) <br> Plaintiff,      ) <br> ) <br> v.      ) <br> ) <br> BEAUTY UNDERNEATH, ELLEN LANGE ) <br> SKIN SCIENCE, INC., JAN MARINI SKIN ) <br> RESEARCH, INC., INTERNATIONAL ) <br> SHIELD INC., COSMESEARCH, INC., ) <br> SKINCEUTICALS, INC., DERMATOLOGIC ) <br> COSMETIC LABORATORIES LTD., AND ) <br> PERRY SKIN CARE.      ) <br> ) | Civil Action No.: 04-1263 (JJF) |

Defendants.

### TRISTRATA TECHNOLOGY INC.'S REPLY TO THE AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT INTERNATIONAL SHIELD, INC.

Plaintiff Tristrata Technology, Inc. ("TTI"), by its attorneys, replies to the Affirmative

Defenses and Counterclaims of Defendant, International Shield, Inc., as follows:

### TTI'S RESPONSES TO SEPARATE DEFENSES OF DEFENDANT INTERNATIONAL SHIELD, INC.

PARAGRAPH 1:

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 1.

PARAGRAPH 2:

The Court lacks personal jurisdiction over International Shield

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 2.

PARAGRAPH 3:

All or a portion of Plaintiff's claims are barred due to laches.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 3.

PARAGRAPH 4:

All or a portion of Plaintiff's claims are barred by the Plaintiff's failure to provide notice pursuant to 35 U.S.C. § 287.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 4.

PARAGRAPH 5:

International Shield's products to not infringe any valid claims of the patents-in-suit and International Shield has not induced or contributed to such infringement.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 5.

PARAGRAPH 6:

The claims of the patents-in-suit asserted against it are invalid and/or unenforceable because they do not meet the conditions for patentability set forth in one or more of Sections 101, 102, 103 and/or 112 of the Unites (sic) States Patent Act, Title 35 of the Unites (sic) States Code.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 6.

PARAGRAPH 7:

Based upon the proceedings in the United States Patent and Trademark office during the prosecution of the family of applications leading to the patents-in-suit, the claims of the patent-in-suit are limited by prosecution history estoppel, as well as by prior art, so that Plaintiff is now estopped from maintaining that the scope of any claim of the patents-in-suit cover or embrace any of International Shield's accused products.

RESPONSE:

To the extent any response is required, TTI denies the allegations of paragraph 7.


### TTI'S RESPONSE TO INTERNATIONAL SHIELD'S COUNTERCLAIM

PARAGRAPH 1:

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This action arises under the declaratory judgment and patent laws of the United States, including 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §1 *et seq.* An actual controversy exists between International Shield and TTI with respect to the non-infringement of United States Patent Numbers 5,091,171 ("the '171 Patent"); 5,385,938 ("the '938 Patent"); 5,389,677 ("the '677 patent"); 5,422,370 ("the '370 Patent"); 5,547,988 ("the '988 Patent") purportedly owned by TTI.

RESPONSE:

TTI denies the allegations in paragraph 1, except that TTI admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. TTI admits that the counterclaim arises under the declaratory judgment and patent laws of the United States. TTI admits that an

actual controversy exists as to infringement of the patents-in-suit.  Upon information and belief, TTI admits that it owns the patents-in-suit.

PARAGRAPH 2:

>   Venue for this action is proper under 28 U.S.C. § 1391

RESPONSE:

>   TTI admits the allegations in paragraph 2.

PARAGRAPH 3:

>   International Shield is a Minnesota corporation with its principal place of business in Minnesota.

RESPONSE:

>   Based upon available information, TTI admits the allegations in paragraph 3.

PARAGRAPH 4:

>   On information and belief, TTI is a corporation with its principal place of business in Wilmington, Delaware.

RESPONSE:

>   TTI admits the allegations in paragraph 4.

PARAGRAPH 5:

>   On September 14, 2004, TTI filed a complaint in the United States District Court for the District of Delaware alleging that certain products manufactured, sold, and/or offered for sale by International Shield infringe the Patents held by TTI.

RESPONSE:

>   TTI admits the allegations in paragraph 5.

## COUNT I: UNITED STATES PATENT NO. 5,091,171

PARAGRAPH 6:

A case of actual controversy exists between the parties with respect to Tristrata's claim of infringement of the '171 patent (as set forth in the complaint).

RESPONSE:

TTI admits the allegations in paragraph 6.

PARAGRAPH 7:

International Shield does not infringe any valid claim of the '171 patent.

RESPONSE:

TTI denies the allegations in paragraph 7.

PARAGRAPH 8:

International Shield does not induce others to infringe any valid claim of the '171 patent.

RESPONSE:

TTI denies the allegations in paragraph 8.

PARAGRAPH 9:

International Shield does not contribute to the infringement any (sic) valid claim of the '171 patent.

RESPONSE:

TTI denies the allegations in paragraph 9.

PARAGRAPH 10:

The claims of the '171 patent are invalid and/or unenforceable because they do not meet the conditions for patentability set forth in one or more of Sections 101, 102, 103 and/or 112 of the Unites (sic) States Patent Act, Title 35 of the Unites (sic) States Code.

RESPONSE:

    TTI denies the allegations in paragraph 10.

PARAGRAPH 11:

    Declaratory relief is necessary in this case because International Shield wished to conduct its business from the threat of litigation from Tristrata.

RESPONSE:

    TTI denies the allegations of paragraph 11.

## COUNT II: UNITED STATES PATENT NO. 5,385,938

PARAGRAPH 12:

    A case of actual controversy exists between the parties with respect to Tristrata's claim of infringement of the '938 patent (as set forth in the complaint).

RESPONSE:

    TTI admits the allegations in paragraph 12.

PARAGRAPH 13:

    International Shield does not infringe any valid claim of the '938 patent.

RESPONSE:

    TTI denies the allegations in paragraph 13.

PARAGRAPH 14:

    International Shield does not induce others to infringe any valid claim of the '938 patent.

RESPONSE:

    TTI denies the allegations in paragraph 14.

PARAGRAPH 15:

International Shield does not contribute to the infringement any (sic) valid claim of the '938 patent.

RESPONSE:

TTI denies the allegations in paragraph 15.

PARAGRAPH 16:

The claims of the '938 patent are invalid and/or unenforceable because they do not meet the conditions for patentability set forth in one or more of Sections 101, 102, 103 and/or 112 of the Unites (sic) States Patent Act, Title 35 of the Unites (sic) States Code.

RESPONSE:

TTI denies the allegations in paragraph 16.

PARAGRAPH 17:

Declaratory relief is necessary in this case because International Shield wished to conduct its business from the threat of litigation from Tristrata.

RESPONSE:

TTI denies the allegations of paragraph 17.

**COUNT III: UNITED STATES PATENT NO. 5,389,677**

PARAGRAPH 18:

A case of actual controversy exists between the parties with respect to Tristrata's claim of infringement of the '677 patent (as set forth in the complaint).

RESPONSE:

TTI admits the allegations in paragraph 18.

PARAGRAPH 19:

International Shield does not infringe any valid claim of the '677 patent.

RESPONSE:

TTI denies the allegations in paragraph 19.

PARAGRAPH 20:

International Shield does not induce others to infringe any valid claim of the '677 patent.

RESPONSE:

TTI denies the allegations in paragraph 20.

PARAGRAPH 21:

International Shield does not contribute to the infringement any (sic) valid claim of the '677 patent.

RESPONSE:

TTI denies the allegations in paragraph 21.

PARAGRAPH 22:

The claims of the '677 patent are invalid and/or unenforceable because they do not meet the conditions for patentability set forth in one or more of Sections 101, 102, 103 and/or 112 of the Unites (sic) States Patent Act, Title 35 of the Unites (sic) States Code.

RESPONSE:

TTI denies the allegations in paragraph 22.

PARAGRAPH 23:

Declaratory relief is necessary in this case because International Shield wished to conduct its business from the threat of litigation from Tristrata.

RESPONSE:

TTI denies the allegations of paragraph 23.

## COUNT IV: UNITED STATES PATENT NO. 5,422,370

PARAGRAPH 24:

A case of actual controversy exists between the parties with respect to Tristrata's claim of infringement of the '370 patent (as set forth in the complaint).

RESPONSE:

TTI admits the allegations in paragraph 24.

PARAGRAPH 25:

International Shield does not infringe any valid claim of the '370 patent.

RESPONSE:

TTI denies the allegations in paragraph 25.

PARAGRAPH 26:

International Shield does not induce others to infringe any valid claim of the '370 patent.

RESPONSE:

TTI denies the allegations in paragraph 26.

PARAGRAPH 27:

International Shield does not contribute to the infringement any (sic) valid claim of the '370 patent.

RESPONSE:

TTI denies the allegations in paragraph 27.

PARAGRAPH 28:

The claims of the '370 patent are invalid and/or unenforceable because they do not meet the conditions for patentability set forth in one or more of Sections 101, 102, 103 and/or 112 of the Unites (sic) States Patent Act, Title 35 of the Unites (sic) States Code.

9

RESPONSE:

TTI denies the allegations in paragraph 28.

PARAGRAPH 29:

Declaratory relief is necessary in this case because International Shield wished to conduct

its business from the threat of litigation from Tristrata.

RESPONSE:

TTI denies the allegations of paragraph 29.

**COUNT V: UNITED STATES PATENT NO. 5,547,988**

PARAGRAPH 30:

A case of actual controversy exists between the parties with respect to Tristrata's claim of

infringement of the '988 patent (as set forth in the complaint).

RESPONSE:

TTI admits the allegations in paragraph 30.

PARAGRAPH 31:

International Shield does not infringe any valid claim of the '988 patent.

RESPONSE:

TTI denies the allegations in paragraph 31.

PARAGRAPH 32:

International Shield does not induce others to infringe any valid claim of the '988 patent.

RESPONSE:

TTI denies the allegations in paragraph 32.

PARAGRAPH 33:

International Shield does not contribute to the infringement any (sic) valid claim of the '988 patent.

RESPONSE:

TTI denies the allegations in paragraph 33.

PARAGRAPH 34:

The claims of the '677 patent are invalid and/or unenforceable because they do not meet the conditions for patentability set forth in one or more of Sections 101, 102, 103 and/or 112 of the Unites (sic) States Patent Act, Title 35 of the Unites (sic) States Code.

RESPONSE:

TTI denies the allegations in paragraph 34.

PARAGRAPH 35:

Declaratory relief is necessary in this case because International Shield wished to conduct its business from the threat of litigation from Tristrata.

RESPONSE:

TTI denies the allegations of paragraph 35.

11

WHEREFORE, TTI requests that this Court dismiss with prejudice the Counterclaims of International Shield and award to TTI the relief requested in its complaint.

Respectfully submitted,

 /s/ Arthur G. Connolly, III

Arthur G. Connolly, III (#2667)
CONNOLLY, BOVE, LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Michael O. Warnecke
David R. Melton
Douglas L. Sawyer
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603
(312) 701-8602

Kevin M. McGovern
Brian T. Foley
McGovern & Associates
545 Madison Avenue, 15th Floor
New York, NY 10022
(212) 688-9840

DATED: April 28, 2005

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on April 28, 2005, I caused true and correct copies of the foregoing to be served upon the following persons or entities in the manner indicated:

**By Hand Delivery:**

Delia Ann Clark
Rawle & Henderson LLP
300 Delaware Ave, Suite 1015
Wilmington, DE 19801
Attorney for Ellen Lange Skin Science

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Attorney for DCL

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
Attorney for Jan Marini & International Shield

**By U.S. Mail**

Thomas P. Wagner
Rawle & Henderson LLP
One South Penn Square
Philadelphia, PA 19107
Attorney for Ellen Lange Skin Science

Stuart A. Margolis P.C.
Berdon, Young & Margolis
132 Temple Street
New Haven, CT 06510
Attorney for DCL

Alan H. Melnicoe
Hoge, Fenton, Jones & Appel Inc.
60 S. Market Street, Suite 1400
San Jose, CA 95113-2396
Attorney for Jan Marini

Darren Schweibert
Fredrikson & Byron
200 S. Sixth Street
Minneapolis, MN 55402
Attorney for International Shield

   /s/ Arthur G. Connolly, III
      Arthur G. Connolly, III (#2667)