IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEAUTY UNDERNEATH, ELLEN LANGE SKIN )<br>SCIENCE, INC., JAN MARINI SKIN RESEARCH ) )<br>INC., INTERNATIONAL SHIELD, INC, )<br>COSMESEARCH, INC., SKINCEUTICALS, INC., )<br>DERMATOLOGIC COSMETIC LABORATORIES )<br>LTD., AND PERRI SKIN CARE )<br>)<br>Defendants. ) | C.A. No.: 04-1263-JJF |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT INTERNATIONAL SHIELD, INC.

Plaintiff Tristrata Technology, Incorporated (hereinafter "TTI"), by and through its counsel, respectfully moves, pursuant Federal Rules of Civil Procedure 34 and 37 and Del. L.R. 7.1.1, to compel production of documents from defendant International Shield, Inc. (hereinafter "International Shield").

1.  The present motion is necessitated by International Shield's complete failure to produce documents responsive to TTI's document requests, which were served on International Shield over two months ago. Despite TTI's attempts to facilitate the exchange of documents, International Shield has failed to timely produce any documents, or provide a firm date when TTI can expect to receive the documents. Given that fact discovery closes in this case on August 26, 2005, the Court must compel International Shield to fulfill its discovery obligations and immediately produce the requested documents.

2.  Pursuant to Fed. R. Civ. P. 34, TTI served document requests on International Shield on May 27, 2005. TTI requested, among other things, documents and information

relating to issues of claim construction, infringement, validity and willfulness. By agreement, TTI gave International Shield until July 1, 2005 to file its written responses and objections. Those responses were filed on July 1, 2005, in which International Shield stated that it would produce documents responsive to TTI's requests. (*See* Ex. 1, International Shield's Response to Document Requests).

    3.    To date, despite International Shield's promise and obligation to produce the requested documents, TTI has received no such documents from International Shield.

    4.    TTI has made several attempts to follow up with International Shield on its outstanding document production, but to no avail. On July 18, 2005, counsel for TTI sent a letter to International Shield stating that TTI was prepared to produce its documents immediately, and, accordingly requested production of International Shield's documents by August 1, 2005. (*See* Ex. 2, Letter of July 18, 2005 from Douglas Sawyer to Philip Rovner). To facilitate the prompt exchange of documents, TTI's counsel enclosed a proposed protective order. Counsel's letter noted, however, that executing an agreeable protective order should not delay International Shield's document production since all produced documents would be treated as "attorney's eyes only" until a protective order is in effect, pursuant to Delaware Local Rule 26.2.

    5.    International Shield did not produce any documents by August 1, 2005 as requested. Instead, counsel for International Shield sent a letter to TTI on that date, stating that they would take the protective order under advisement and that "we expect to be in position to produce documents to you shortly." (*See* Ex. 3, Letter of August 1, 2005 from Philip Rovner to Douglas Sawyer). International Shield has since given no definitive indication as to when it would produce the documents.

6. As noted above, fact discovery closes in just a few weeks, on August 26, 2005. In addition, TTI has noticed International Shield's Rule 30(b)(6) deposition for August 16, 2005. TTI needs these long-sought documents before it deposes International Shield's Rule 30(b)(6) witness. Further, without these documents, TTI is unable to identify specific factual deponents, prepare its Markman briefs which are due August 29, 2005, nor meaningfully engage expert witnesses on the complex issues raised in this case.

7. As such, given the rapidly approaching discovery deadlines, International Shield's indication that it will produce the requested documents only at some unspecified time is unacceptable. TTI has allowed International Shield ample time to produce the requested documents and has attempted to facilitate the process by suggesting a specific date for the exchange of documents along with a proposed protective order. International Shield's discovery obligations cannot be satisfied at this point by making vague promises of compliance. Accordingly, TTI respectfully requests the Court to order International Shield to immediately produce the documents requested by TTI over two months ago.

WHEREFORE, Plaintiff respectfully requests that the Court order International Shield to immediately produce the requested documents.

Dated: August 9, 2005

Respectfully submitted,

*[signature]*

Arthur G. Connolly, III (#2667)
CONNOLLY, BOVE, LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Michael O. Warnecke
David R. Melton
Douglas L. Sawyer
MAYER, BROWN, ROWE & MAW LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-8602

Kevin M. McGovern
Brian T. Foley
McGovern & Associates
545 Madison Avenue
Suite 15th Floor
New York, NY 10022
(212) 688-9840

**CERTIFICATES UNDER LOCAL RULES 7.1.1 AND 16.5**

Pursuant to Local Rule 7.1.1, I hereby certify that counsel for Plaintiff TriStrata Technology, Inc. has discussed the subject of the foregoing Motion with counsel for Defendant International Shield, Inc. While the parties are making good faith efforts to resolve the issues raised by the Motion, they have not been able to reach agreement on the matters therein.

_____
Arthur G. Connolly, III (No. 2667)

Dated: August 9, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

Delia Ann Clark
Rawle & Henderson LLP
300 Delaware Ave, Suite 1015
Wilmington, DE 19801

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza
Wilmington, DE 19899

/s/Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)