# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEAUTY UNDERNEATH, ELLEN ) <br> LANGE SKIN SCIENCE, INC., JAN ) <br> MARINI SKIN RESEARCH INC., ) <br> INTERNATIONAL SHIELD, INC, ) <br> COSMESEARCH, INC., ) <br> SKINCEUTICALS, INC., ) <br> DERMATOLOGIC COSMETIC ) <br> LABORATORIES LTD., AND PERRI ) <br> SKIN CARE, ) <br> ) <br> Defendants. ) <br> ) | RECEIVED <br> JUL 0 5 2005 <br> A G C, III <br><br> C.A. No. 04-1263-JJF |

**DEFENDANT INTERNATIONAL SHIELD INC.'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant International Shield Inc., for its responses to Plaintiff's First Request for Production of Documents ("Requests"), states as follows:

**GENERAL OBJECTIONS**

1. International Shield objects to the Requests to the extent that they seek production of documents and information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege. To the extent that any document or information that is properly subject to any such privilege is inadvertently produced in connection with these Requests, such inadvertent production is not to be construed as a waiver of such privilege, and such documents or information shall be returned to counsel for International Shield.

2. International Shield further objects to the Requests to the extent that they seek production of documents and information that are not relevant to the claims or defenses in this proceeding and not likely to lead to the discovery of evidence admissible at trial.

3. International Shield further objects to the Requests to the extent that they are vague, ambiguous, overbroad, or unduly burdensome.

4. International Shield further objects to the Requests, definitions, and instructions to the extent that they seek to impose a burden or obligations broader, different from, or in addition to those obligations imposed by the Federal Rules of Civil Procedure or the applicable Local Rules.

5. International Shield further objects to the Requests to the extent that they seek to require International Shield to produce any information or documents not currently in its possession, custody, or control.

6. International Shield's discovery and investigation in connection with this lawsuit is continuing. To date, TTI had not identified the asserted claims, the accused products, or its application of the asserted claims to the accused products. As a result, International Shield's responses are limited to information obtained to date, and are given without prejudice to International Shield's right to amend or to supplement its responses after considering information obtained through further discovery or investigation.

7. International Shield incorporates by reference its General Objections contained in its Answer to Plaintiff's First Set of Interrogatories.

8. International Shield's General Objections are hereby incorporated by reference into each of International Shield's Responses to Request for Production, as set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Document Request 1:** All documents identified, consulted and/or relied on in response to TTI's First Set of Interrogatories.

**RESPONSE:** International Shield incorporates its objections and answers to each individual Interrogatory contained in TTI's First Set of Interrogatories. International Shield further objects to this Request on the basis of the attorney client privilege and the work product doctrine. Subject to these objections and the General Objections, International Shield states that it will produce responsive non-privileged documents, if any.

**Document Request 2:** All documents relating to the patents-in-suit, including but not limited to: (a) the ordinary meaning of the terms contained in the claims of the patents-in-suit; and (b) the art to which each of the patents-in-:suit relates and the level of ordinary skill in that art.

**RESPONSE:** International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI had not identified the asserted claims, the accused products, or its application of the asserted claims to the accused products. Subject to these objections and the General Objections, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 3:** All documents relating to any products of TTI or NeoStrata Company, Incorporated comprising an alpha hydroxy acid.

**RESPONSE:** International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeks the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections

3

and the General Objections, International Shield states that it does not possess any responsive documents.

**Document Request 4**: All documents relating to any claim, assertion or statement made by defendant that any of defendant's alpha hydroxy acid product(s) can or will treat and/or reduce wrinkles, fine lines, age spots, the appearance of skin changes associated with aging, or aid in the treatment of cosmetic conditions or dermatological disorders associated with aging.

**RESPONSE**: International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeks the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI has not yet identified any products accused of infringement. Subject to these objections and the General Objections, International Shield states that its products are not a drug as defined by the FDA and that International Shield has not made any claim, assertion or statement that its products change or alter the skin. Subject to these objections and the General Objections, and upon identification of accused products, International Shield will produce responsive non-privileged documents, if any, in its possession.

**Document Request 5**: All documents, including without limitation, advertising, product information, package inserts or point of sale materials, relating to instructions, directions, suggestions, methods or information on how defendant's alpha hydroxy acid product(s) should be used by consumers or applied to human skin.

**RESPONSE**: International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeks the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI has not yet identified any products accused of infringement. Subject to these objections and the General Objections, and upon identification of accused products, International Shield will produce responsive non-privileged documents, if any, in its possession.

**Document Request 6**: All documents provided to consumers, customers, distributors, representatives, employees of retailers, or any other marketers which describe, discuss or refer to the effectiveness of defendant's alpha hydroxy acid product(s) to treat and/or reduce wrinkles,

4

fine lines, age spots, the appearance of skin changes associated with aging, or aid in the treatment of cosmetic conditions or dermatological disorders associated with aging.

**RESPONSE:** International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeks the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI has not yet identified any products accused of infringement. Subject to these objections and the General Objections, International Shield states that its products are not a drug as defined by the FDA and that International Shield has not made any claim, assertion or statement that its products change or alter the skin. Subject to these objections and the General Objections, and upon identification of accused products, International Shield will produce responsive non-privileged documents, if any, in its possession.

**Document Request 7:** All documents relating to studies, analyses, research and/or tests conducted by or for defendant relating to the effectiveness of defendant's alpha hydroxy acid product(s) to treat and/or reduce wrinkles, fine lines, age spots, the appearance of skin changes associated with aging, or aid in the treatment of cosmetic conditions or dermatological disorders associated with aging.

**RESPONSE:** International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeks the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI has not yet identified any products accused of infringement. Subject to these objections and the General Objections, International Shield states that its products are not a drug as defined by the FDA and that International Shield has not made any claim, assertion or statement that its products change or alter the skin. Subject to these objections and the General Objections, and upon identification of accused products, International Shield will produce responsive non-privileged documents, if any, in its possession.

**Document Request 8:** All documents relating to any patents applied for, issued and/or assigned to defendant which relate to any dermatological product or composition comprising any

5

alpha hydroxy acid or any method for using such a product or composition, including without limitation, all such documents that refer to any of the patents-in-suit.

**RESPONSE:** International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeks the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. To the extent that the Request can be understood, it appears to be directed at International Shield's application for patents, as opposed to the asserted patents-in-suit. Subject to these objections and the General Objections, International Shield states that it is not currently the assignee of any issued patents or patent applications.

**Document Request 9:** For each of defendant's alpha hydroxy acid products, including the products sold under the Z. Bigatti name, all documents referring or relating to the product's creation, development, function, intended or recommended use(s) and effectiveness.

**RESPONSE:** International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. International Shield further objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeks the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI has not yet identified any products accused of infringement. Subject to these objections and the General Objections, and upon identification of accused products, International Shield will produce responsive non-privileged documents, if any, in its possession.

**Document Request 10:** All documents that defendant may offer into evidence.

**RESPONSE:** International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. International Shield further objects to this Request as premature. International Shield will comply with the Federal Rules of Civil Procedure and Local Rules regarding the disclosure of trial exhibits. Subject to these objections and the

General Objections, International Shield incorporates its Initial Disclosures and any documents produced in response to these Requests or produce as supplementation by International Shield.

**Document Request 11:** All documents prepared by or for the defendant that refer or relate to any claim of the patents-in-suit.

**RESPONSE:** International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. Subject to these objections and the General Objections, International Shield states that there are not any non-privileged, responsive documents.

**Document Request 12:** All documents that support, or tend to support, defendant's construction of each of the claims of the patents-in-suit.

**RESPONSE:** International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI had not identified the asserted claims, the accused products, or its application of the asserted claims to the accused products. Subject to these objections and the General Objections, and upon appropriate disclosures by TTI regarding claims, accused products, and asserted application of the claims to the accused products, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 13:** All documents that negate, or tend to negate, defendant's construction of each of the claims of the patents-in-suit.

**RESPONSE:** International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of

7

documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI had not identified the asserted claims, the accused products, or its application of the asserted claims to the accused products. Subject to these objections and the General Objections, and upon appropriate disclosures by TTI regarding claims, accused products, and asserted application of the claims to the accused products, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 14**: All documents prepared for, by, submitted to, or reviewed by any person whom defendant may call as a fact or expert witness.

**RESPONSE**: International Shield objects to this Request on the basis of the attorney client privilege, the work product doctrine, and other applicable privileges. International Shield further objects to this Request as premature. International Shield will comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and applicable Local Rules regarding the disclosure of this information.

**Document Request 15**: All documents relating to your contention, if you so contend, that TTI delayed the prosecution of this action as to be barred by the doctrines of laches, unreasonable and unexplained delay in prosecution and/or estoppel, including but not limited to, documents relating to the circumstances when International Shield first became aware of the patents-in-suit.

**RESPONSE**: International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI had not identified the asserted claims, the accused products, or its application of the asserted claims to the accused products. Subject to these

8

objections and the General Objections, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 16**: All documents relating to your contention, if you so contend, that any claim of any of the patents-in-suit is invalid and/or unenforceable under the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 120.

**RESPONSE**: International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI had not identified the asserted claims, the accused products, or its application of the asserted claims to the accused products. Subject to these objections and the General Objections, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 17**: All documents sufficient to show the quantity sold by International Shield for each of the products identified in Interrogatory No. 3.

**RESPONSE**: International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI objects to the phrase "sufficient to show" as imposing a burden upon it to evaluate the sufficiency of documents for a particular purpose. Because International Shield will produce, subject to its objections, non-privileged documents responsive to Interrogatory No. 3 pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, International Shield cannot provide an answer to this Request at this time. Subject to these objections and the General Objections, and upon identification of accused products by TTI, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

9

**Document Request 18**: All documents sufficient to show the gross and net sales by International Shield for each of the products identified in Interrogatory No. 3.

**RESPONSE**: International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI objects to the phrase "sufficient to show" as imposing a burden upon it to evaluate the sufficiency of documents for a particular purpose. Because International Shield will produce, subject to its objections, non-privileged documents responsive to Interrogatory No. 3 pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, International Shield cannot provide an answer to this Request at this time. Subject to these objections and the General Objections, and upon identification of accused products by TTI, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 19**: All documents sufficient to show the revenues received by International Shield for each of the products identified in Interrogatory No. 3.

**RESPONSE**: International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI objects to the phrase "sufficient to show" as imposing a burden upon it to evaluate the sufficiency of documents for a particular purpose. Because International Shield will produce, subject to its objections, non-privileged documents responsive to Interrogatory No. 3 pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, International Shield cannot provide an answer to this Request at this time. Subject to these objections and the General Objections, and upon identification of accused products by TTI, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 20:** All documents that show historical pricing of each of the products identified in Interrogatory No. 3.

**RESPONSE:** International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. Because International Shield will produce, subject to its objections, non-privileged documents responsive to Interrogatory No. 3 pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, International Shield cannot provide an answer to this Request at this time. Subject to these objections and the General Objections, and upon identification of accused products by TTI, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 21:** All financial reports and/or statements of International Shield since 1997.

**RESPONSE:** International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, International Shield states that it is a privately held corporation that does not possess audited annual financial reports or statements.

**Document Request 22:** All documents sufficient to establish International Shield's gross and net margins derived from the sale of each of the products identified in Interrogatory No. 3.

**RESPONSE:** International Shield objects to this Request on the basis that it is vague, overly broad, unduly burdensome, and seeking the production of documents not relevant or reasonably calculated to lead to the discovery of admissible evidence. In particular, and without limitation, TTI objects to the phrase "sufficient to establish" as imposing a burden upon it to evaluate the sufficiency of documents for a particular purpose. Because International Shield will produce, subject to its objections, non-privileged documents responsive to Interrogatory No. 3

pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, International Shield cannot provide an answer to this Request at this time. Subject to these objections and the General Objections, and upon identification of accused products by TTI, International Shield states that it will produce responsive non-privileged documents, if any, in its possession.

**Document Request 23**: All documents supporting International Shield's contention, if you so contend, that some other party would be liable for damages if this Court finds that any of the International Shield products infringe the patents-in-suit.

**RESPONSE**: International Shield objects to this Request on the basis of the attorney client privilege and the work product doctrine. Subject to these objections and the General Objections, International Shield states that it does not possess any responsive non-privileged documents.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Darren Schwiebert
FREDRIKSON & BYRON, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
(612) 492-7000

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
E-mail: provner@potteranderson.com

Dated: July 1, 2005
688901

Attorneys for Defendant
International Shield Inc.

12

## CERTIFICATE OF SERVICE

I hereby certify that, on July 1, 2005, true and correct copies of the within document were served on the following counsel of record, at the addresses and in the manner indicated:

### BY HAND DELIVERY

Arthur G. Connolly, III, Esq.
Francis DiGiovonni, Esq.
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899

Delia Ann Clark, Esq
Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Philip A. Rovner, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
E-mail: provner@potteranderson.com

# EXHIBIT 2



July 18, 2005

**VIA UPS**

Philip Rovner
Potter, Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
6th Floor
Wilmington, DE 19801

Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrownrowe.com

**Douglas L. Sawyer**
Direct Tel (312) 701-7244
Direct Fax (312) 706-8337
dsawyer@mayerbrownrowe.com

Re: <u>Tristrata Technology Inc. v. International Shield</u>

Dear Philip:

    This letter addresses several outstanding issues regarding the above captioned matter. First, TTI requests that International Shield produce the documents responsive to TTI's First Set of Document Requests by August 1, 2005. TTI is prepared to produce documents responsive to your requests immediately. The documents are located at our office in Chicago and consist of roughly 20 boxes or approximately 50,000 pages. To facilitate the production of documents, I have enclosed a protective order that has been entered in previous TTI litigation. However, in light of Delaware local rule 26.2, all documents will be treated as "attorneys eyes only" until a protective order can be agreed upon; therefore, any issues with the protective order should not affect document production.

    Next, I have also enclosed a copy of a *Markman* Order issued by Judge Farnan regarding the patents at issue. It is TTI's position that in light of Judge Farnan's earlier order and his adoption of that order in subsequent cases, that no claim construction issues are present in this litigation. Therefore, it is TTI's position that we should inform the Court that the scheduled *Markman* briefing and hearing is not necessary. If you should disagree with this position, please inform TTI no later than August 12, 2005.

Berlin Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw

Philip Rovner
July 18, 2005
Page 2

    Finally, please also find enclosed a Notice of 30(b)(6) Deposition of International Shield. If you should have any questions, please do not hesitate to contact us.

                                             Very truly yours,

                                             Douglas L. Sawyer

DLS/ms
Enclosures

cc:    Michael O. Warnecke

# EXHIBIT 3



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Philip A. Rovner
302-984-6140 Direct Phone
302-658-1192 Fax
E-mail: provner@potteranderson.com

August 1, 2005

**BY E-MAIL**

Douglas L. Sawyer, Esq.
Mayer Brown Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 6060-4637

Re: Tristrata Technology v. International Shield, Inc., et al.
D. Del., C.A. No. 04-1263-JJF

Dear Doug:

I write on behalf of defendant International Shield in response to your letter of July 18, 2005 regarding document production and TTI's view regarding claim construction in this matter.

First, we expect to be in position to produce documents to you shortly. We have the Protective Order used previously under advisement and will provide our comments, if any, as soon as possible. With respect to the production of TTI's documents, we ask that, to the extent possible, they be provided in electronic form. We will, of course, endeavor to provide you with International Shield's documents in a similar fashion.

Second, we do not agree with your assertion that there are no claim construction issues present in this litigation. We therefore decline your request that we jointly inform the Court that Markman briefing and hearing are not necessary.

Please contact me at your convenience to discuss the document production issues.

Very truly yours,

Philip A. Rovner

PAR/mes/692693
cc: Darren B. Schwiebert, Esq. – by E-mail