IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRISTRATA TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 04-1263-JJF |
| | ) | |
| BEAUTY UNDERNEATH, ELLEN LANGE SKIN | ) | |
| SCIENCE, INC., JAN MARINI SKIN RESEARCH | ) ) | |
| INC., INTERNATIONAL SHIELD, INC, | ) | |
| COSMESEARCH, INC., SKINCEUTICALS, INC., | ) | |
| DERMATOLOGIC COSMETIC LABORATORIES | ) | |
| LTD., AND PERRI SKIN CARE | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS FROM DEFENDANT ELLEN LANGE SKIN SCIENCE, INC.**

Plaintiff Tristrata Technology, Incorporated (hereinafter "TTI"), by and through its counsel, respectfully moves, pursuant Federal Rules of Civil Procedure 33, 34 and 37 and Del. L.R. 7.1.1, to compel written discovery responses, production of documents, and proposed deposition dates from Defendant Ellen Lange Skin Science, Inc. (hereinafter "Ellen Lange").

The present motion is necessitated by Ellen Lange's complete failure to meet its discovery obligations in this case. TTI served discovery requests on Ellen Lange almost four months ago. Despite several extensions of time to respond, Ellen Lange still has yet to produce a single document; has yet to produce any written discovery responses; has yet to provide any dates for its Rule 30(b)(6) witnesses; and has failed to give TTI the courtesy of a response to its repeated inquiries regarding these discovery issues. As fact discovery is set to close on October

20, 2005,[1] TTI has no choice but to move the Court to compel Ellen Lange to immediately produce this long-sought discovery.

1.  TTI served discovery requests on Ellen Lange on May 27, 2005, which included both requests for documents and interrogatories. TTI requested, among other things, documents and information relating to issues of utmost importance in this case, including claim construction, infringement, validity and willfulness. TTI did not receive any written responses from Ellen Lange within the 30 days required under the Federal Rules, nor did Ellen Lange ask TTI for an extension of time to respond or offer an explanation for its tardiness. Meanwhile, Ellen Lange served its discovery requests on TTI on April 12, 2005, to which TTI responded by filing its written responses, by agreement, on May 23, 2005.

2.  On July 18, 2005, counsel for TTI sent a letter to Ellen Lange stating that TTI was prepared to produce its documents immediately, and, accordingly, requested production of Ellen Lange's already late discovery responses no later than August 1, 2005. (*See* Ex. 1, Letter of July 18, 2005 from Douglas Sawyer to Delia Clark). To facilitate the prompt exchange of documents, TTI's counsel enclosed a proposed protective order. Counsel's letter noted, however, that executing an agreeable protective order should not delay Ellen Lange's document production since all produced documents would be treated as "attorney's eyes only" until a protective order is in effect, pursuant to Delaware Local Rule 26.2.

3.  Again, TTI received no response from Ellen Lange. On August 8, 2005, TTI's counsel called Delia Clark, counsel for Ellen Lange, to discuss the status of Ellen Lange's discovery responses and document production. Ms. Clark stated that Ellen Lange still had not

---

[1] A stipulated scheduling order was entered on September 14, 2005, extending the fact discovery deadline from October 14 to October 20, 2005.

2

prepared any written responses or document production, and that Ellen Lange would not produce its Rule 30(b)(6) witness on the scheduled date as per TTI's deposition notice.

    4.    Counsel for TTI responded that in light of the looming fact discovery deadline (which was August 26, 2005 at the time), TTI had no choice but to file a motion to compel. Ms. Clark asked for a further extension of time to respond to discovery and agreed to provide the requested information by a specific date. TTI accommodated Ellen Lange's request and sent a letter to Ms. Clark on August 10, 2005 confirming the parties' understanding. (*See* Ex. 2, Letter of August 10, 2005 from Aric Jacover to Delia Clark). On August 16, 2005, Ms. Clark sent a confirming letter stating that the outstanding discovery responses would be provided by September 15, 2005. (*See* Ex. 3, Letter of August 16, 2005 from Delia Clark to Aric Jacover). Accordingly, TTI agreed to hold off filing its motion to compel provided that all outstanding discovery (including both written discovery responses and document production) and proposed 30(b)(6) deposition dates were received by TTI on or before September 15. (*See* Ex. 4, Letter of August 16, 2005 from Aric Jacover to Delia Clark).

    5.    On September 9, 2005, counsel for TTI sent Ms. Clark a follow up letter reminding her of the September 15 deadline and that a motion to compel would follow if TTI did not receive the discovery responses on or before that date. (*See* Ex. 5, Letter of September 9, 2005 from Aric Jacover to Delia Clark). TTI's counsel also left several voice mail messages for Ms. Clark to the same effect. Ellen Lange, however, did not produce any of the requested discovery responses or documents on September 15 as promised. Nor did Ellen Lange bother to contact TTI regarding its failure to respond. Without this long-sought discovery, TTI is unable to identify specific factual deponents, prepare its Markman briefs, nor meaningfully prepare its case for trial.

6.  Ellen Lange's complete failure to comply with its discovery obligations at this stage is unacceptable. TTI has been extremely generous in allowing Ellen Lange additional time to respond to discovery, and has attempted to facilitate the process by suggesting specific dates for the exchange of documents along with a proposed protective order. Despite TTI's efforts, Ellen Lange still has not produced *any* of the discovery responses requested by TTI almost four months ago. Ellen Lange's virtual radio silence regarding discovery in this case is both frustrating and contrary to the Federal Rules. Accordingly, as the close of fact discovery is quickly approaching, TTI respectfully requests the Court to order Ellen Lange to immediately produce the long-sought written discovery responses, document production, and 30(b)(6) deposition dates.

WHEREFORE, Plaintiff respectfully requests that the Court order Ellen Lange to immediately produce written discovery responses, document production, and proposed dates for its Rule 30(b)(6) witness(es).

Dated: September 16, 2005                Respectfully submitted,

                                         /s/ Arthur G. Connolly, III
                                         Arthur G. Connolly, III (#2667)
                                         Francis DiGiovanni (#3189)
                                         CONNOLLY, BOVE, LODGE & HUTZ LLP
                                         1007 N. Orange Street
                                         P.O. Box 2207
                                         Wilmington, DE 19899
                                         (302) 658-9141

Michael O. Warnecke
David R. Melton
Douglas L. Sawyer
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

Kevin M. McGovern
Brian T. Foley
McGovern & Associates
545 Madison Avenue
Suite 15th Floor
New York, NY 10022
(212) 688-9840

**CERTIFICATE UNDER LOCAL RULES 7.1.1**

Pursuant to Local Rule 7.1.1, I hereby certify that counsel for Plaintiff TriStrata Technology, Inc. has discussed the subject of the foregoing Motion with counsel for Defendant Ellen Lange Skin Science, Inc., but the parties have been unable to resolve the subject matter of the Motion.

                                                                                                    _s/Arthur G. Connolly, III_
                                                                                                    Arthur G. Connolly, III (No. 2667)

Dated: September 16, 2005

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza
Wilmington, DE 19899

I HEREBY CERTIFY that on September 16, 2005, I served a true and correct copy of the foregoing document to the following counsel of record in the manner indicated:

**BY HAND:**
Delia Ann Clark
Rawle & Henderson LLP
300 Delaware Ave, Suite 1015
Wilmington, DE 19801

/s/Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)